UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON JACKSON,

    Plaintiff,

v.

W. LEUTZOW, et al.,

    Defendants.

                              /

Case No. 2:05-cv-188
HON. R. ALLAN EDGAR

## REPORT AND RECOMMENDATION

Plaintiff Leon Jackson, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include W. Luetzow, Clement, Chipman, Bennink, Perry, Ordiway, Hosnick, Jacobson, and Huhta all of whom are employed at AMF.

Plaintiff's complaint alleges that he was attacked by another inmate on April 19, 2004. Plaintiff alleges that he was observed running down the hall being chased by another inmate by defendants Clement, Chipman, Bennick and Perry. When plaintiff ran to the end of the wing he turned around and began to fight. Plaintiff said that he realized the officers were not going to come to his aid, so he turned around to defend himself. Plaintiff injured his knee and broke his eye glasses. Plaintiff alleges that defendants simply watched the entire incident and failed to protect plaintiff. Ultimately, it was officers from outside the unit who broke up the fight. Plaintiff alleges that defendant Luetzow, as part of the Security Classification Committee (SSC), reviewed the incident incorrectly and placed plaintiff in segregation for the fight.

On April 24, 2004, plaintiff began experiencing chest pain. Plaintiff alleges that he had an existing heart condition. He asked defendant Huhta to see health care and Huhta said "Jackson, whatever," while walking away. Later Huhta told plaintiff "Jackson, you are not going to get any medical help until you fill out a medical kite." Plaintiff alleges that defendant Huhta placed plaintiff's life in danger for no reason.

Plaintiff alleges that on June 14, 2004, defendant Ordiway came to plaintiff's cell to review a grievance. Plaintiff alleges that the grievance concerned other inmates and defendant should have called plaintiff to his office instead of reviewing the grievance where other inmates could hear. Plaintiff alleges that defendant Ordiway placed plaintiff's life in danger.

Plaintiff alleges that he was having chest pains when another inmate was gassed on June 22, 2004. Defendant Hosnick came to plaintiff's unit, but instead of going to plaintiff's cell right away she continued to do her rounds before coming to plaintiff's cell approximated one half hour later. Plaintiff alleges that defendant Hosnick's actions placed his life in danger.

On July 5, 2004, defendant Jacobson placed a tether on plaintiff for escorting plaintiff to and from yard time. Plaintiff was allegedly having knee problems and defendant Jacobson was walking too fast for plaintiff to keep up. Plaintiff alleges that he was practically being dragged by the tether. Defendant Jacobson stated "come on move it, this is not a Jerry's Marathon." Plaintiff asked if they were in a race and defendant responded, "yes." Plaintiff then told defendant about his knee problem and defendant responded, "then we are going to have to see that you start missing some yard." Plaintiff claims that defendant Jacobson abused his authority.

Defendants have filed a Motion for Dismissal for Failure to Exhaust, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response and the matter is ready for decision. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C.

§ 1983 must exhaust available administrative remedies. *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001). Defendants argue that the case should be dismissed under the total exhaustion rule, because plaintiff never filed a grievance against defendant Luetzow. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005); *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006). Plaintiff filed a grievance on May 11, 2004. In that grievance, plaintiff named "A.DDW. Of SCC." Defendant Luetzow is the Assistant Deputy Warden and, according to plaintiff, is in charge of the SCC. Therefore, it appears that plaintiff did exhaust his grievance remedies against defendant Luetzow.

Accordingly, it is recommended that defendants' motion to dismiss (docket #21) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: May 25, 2006